# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SCHEIBE, *individually and on behalf of all those similarly situated*,<br><br>                              Plaintiff,<br><br>v.<br><br>LIFEAID BEVERAGE LLC,<br><br>                              Defendant. | Case No. 23-cv-840-MMA-DEB<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 5] |

On May 8, 2023, Plaintiff Jacob Scheibe ("Plaintiff"), on behalf of himself and all those similarly situated, filed a putative class action Complaint against Lifeaid Beverage LLC ("Defendant"). Doc. No. 1 ("Compl."). On July 14, 2023, Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 5. Plaintiff filed an opposition, to which Defendant replied. Doc. Nos. 6, 7. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. Doc. No. 8. For the reasons set forth below, the Court **GRANTS IN PART** Defendant's motion.

# I. BACKGROUND

Defendant manufactures and sells the dietary supplements FITAID and FOCUSAID beverages (the "Beverages") as well as FITAID, FOCUSAID, IMMUNITYAID, and PARTYAID powder stick packs (the "Powder Sticks" and together with the Beverages, the "Products").  Compl. at 1; *id.* ¶ 2.  On November 29, 2022, and again on December 7, 2022, Plaintiff purchased the Powder Sticks from Defendant's website and a multi-pack of the Beverages from Amazon.com.  *Id.* ¶ 17.  Plaintiff alleges he is a student who has recently sought to lose weight and gain muscle, and therefore carefully reviews labels, including the Products' labels, to ensure that he consumes only natural ingredients and avoids artificial flavors and ingredients.  *Id.* ¶ 18.

The front label of the Beverages prominently states they are "Naturally Flavored" and depict fruits.  *Id.* ¶ 20.  The back label of the Powder Sticks, as well as each individually wrapped Powder Stick pack, states that they contain "No Artificial Flavors" and are "Made Only With the Good Stuff."  *Id.* ¶ 21.  Additionally, Plaintiff alleges these representations are also made on Defendant's website.  *Id.* ¶ 22.

Plaintiff contends that these flavoring claims are false because the Products contain an artificial flavoring agent, DL malic acid, that is derived from petrochemicals.  *Id.* ¶ 23.  And while the back label of the Products state that they contain "malic acid," *id.* ¶ 24, which can be naturally occurring, Plaintiff contends that the DL malic acid in the Products is not naturally occurring but is a synthetic substance.  *Id.* ¶ 25.  Plaintiff alleges that the use of DL malic acid in the Products renders its representations false and that the labelling of the agent as "malic acid" rather than "DL malic acid" is in violation of federal and state law.

As a result, Plaintiff brings the following causes of action: (1) unfair business practices in violation of California Business & Professions Code § 17200 *et seq.* ("UCL"); (2) fraudulent business practices in violation of the UCL; (3) unlawful business practices in violation of the UCL; (4) violation of the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; (5) violation of the California

Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq*.; (6) unjust enrichment; and (7) breach of express warranty.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

Additionally, allegations of fraud or mistake require the pleading party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The context surrounding the fraud must "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction." *Kearns*, 567 F.3d at 1124 (internal quotation marks omitted) (first quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); and then quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superseded by statute on other grounds*).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991)).

### III. DISCUSSION

The Court begins by noting that it does not write on a blank slate. Plaintiff has filed thirteen consumer protection/mislabelling cases in this district in the seven months spanning November 2022 through May 2023, nine of which remain active.[1] Of the

---

[1] Plaintiff's nine active cases are: *Scheibe v. Esupplements, LLC*, Case No. 22-cv-1765-BEN-MSB; *Scheibe v. ProSupps USA, LLC*, Case No. 22-cv-1784-BEN-MSB; *Scheibe v. Alacer Corporation*, Case No. 23-cv-26-BTM-BLM; *Scheibe v. Berg Holdings, LLC*, Case No. 23-cv-84-DMS-JLB; *Scheibe v. Livwell Products LLC*, Case No. 23-cv-216-MMA-BLM; *Scheibe v. Performance Enhancing Supplements, LLC*, Case No. 23-cv-219-H-DDL; *Scheibe v. Fit Foods Distribution Inc.*, Case No. 23-cv-220-JLS-AHG; *Scheibe v. Ultima Health Products, Inc.*, Case No. 23-cv-632-JES-MMP. And four of

thirteen cases, all but two specifically target the use of DL malic acid as a flavoring agent, and all of these complaints are substantively the same in this respect.  With the guidance of the prior rulings in these cases, *see, e.g.*, *Scheibe v. Livwell Products LLC*, Case No. 23-cv-216-MMA-BLM, Doc. No. 8, *Scheibe v. Esupplements, LLC*, Case No. 22-cv-1765-BEN-MSB, Doc. No. 13, *Scheibe v. Performance Enhancing Supplements,* LLC, Case No. 23-cv-219-H-DDL, Doc. No. 11, the Court turns to Defendant's motion.

### A.    Malic Acid Theory

As noted above, Plaintiff maintains that the Products' labelling is misleading and unlawful because Defendant designates the flavoring ingredient by its generic name, "malic acid" instead of by its specific form, "DL malic acid."  *See, e.g.*, Compl. ¶ 31.  It appears Plaintiff has abandoned this theory.  *See* Doc. No. 6 at 8 (stating that Plaintiff withdraws paragraph 31).  In any event, as many courts have held, this theory is preempted.  *See, e.g.*, *Scheibe v. Livwell Prods., Ltd. Liab. Co.*, No. 23-cv-216-MMA (BLM), 2023 U.S. Dist. LEXIS 117451, at *7 (S.D. Cal. July 7, 2023) (finding that the weight of authority holds that the malic acid naming theory is preempted); *Scheibe v. Performance Enhancing Supplements, LLC*, No. 3:23-CV-00219-H-DDL, 2023 WL 3829694, at *5–6 (S.D. Cal. June 5, 2023) (agreeing with "the reasoning of the majority of Courts that the malic acid theory is preempted"); *Gross v. Vilore Foods Co., Inc.*, No. 20-cv-0894-DMS, 2020 WL 6319131, at *3 (S.D. Cal. Oct. 28, 2020) (finding plaintiff's claims on the malic acid theory preempted); *Hilsley v. Gen. Mills, Inc.*, 376 F. Supp. 3d 1043, 1048–49 (S.D. Cal. 2019) (same); *Branca v. Bai Brands, LLC*, No. 18-cv-00757-BEN, 2019 WL 1082562, at *5–6 (S.D. Cal. Mar. 7, 2019) (same); *Morris v. Mott's LLP*, No. 18-cv-1799-AJG, 2019 WL 948750, at *4–5 (C.D. Cal. Feb. 26, 2019) (same); *Sims*

---

Plaintiff's cases have been closed by voluntary or joint dismissal.  *See Scheibe v. Bare Performance Nutrition, LLC*, Case No. 23-cv-47-AJB-MDD; *Scheibe v. 1st Phorm International, LLC*, Case No. 23-cv-215-GPC-BLM; *Scheibe v. Muscle Feast, LLC*, Case No. 23-cv-217-TWR-JLB; *Scheibe v. Arizona Beverages USA LLC*, Case No. 23-cv-998-RBM-BLM.

*v. Campbell Soup Co.*, No. 18-cv-668-PSG, 2018 WL 7568640, at *7–8 (C.D. Cal. Sept. 24, 2018) (same); *but see Allred v. Frito-Lay N. Am., Inc.*, No. 17-CV-1345 JLS (BGS), 2018 U.S. Dist. LEXIS 37617, 2018 WL 1185227, at *3 (S.D. Cal. Mar. 7, 2018) (finding it "plausible that DL-malic acid and L-malic acid are specific names of the (collective, common) name malic acid"). Accordingly, the Court **GRANTS** Defendant's motion in this respect.

**B.   Claims 1–4: UCL and FAL**

Plaintiff's first three claims are for violation of the UCL's three prongs, and his fourth cause of action is for violation of the FAL. According to Plaintiff's opposition, he has abandoned these claims. *See* Doc. No. 6 at 8. Accordingly, the Court **GRANTS** Defendant's motion as to these four claims.

**C.   Claim 5: CLRA**

Plaintiff's fifth cause of action is for violation of the CLRA. Because Plaintiff's CLRA claim sounds in fraud, it is subject to Rule 9(b)'s heightened pleading standard. *See Kearns*, 567 F.3d at 1125; *Vess*, 317 F.3d at 1103–06. Defendant argues that Plaintiff fails to plead this claim with sufficient particularity as required by the Rule.

As an initial matter, the Court concludes that Plaintiff sufficiently pleads "'the who, what, when, where, and how' of the misconduct charged." *Kearns*, 567 F.3d at 1124 (quoting *Vess*, 317 F.3d at 1106). He asserts that Defendant labels and advertises the Products as being naturally flavored and containing no artificial flavors. *See Compl.* ¶¶ 20, 21. Plaintiff identifies two specific purchase dates, and alleges that he made these purchases online while presumably in San Diego. *See id.* ¶¶ 1, 17. According to Plaintiff, these representations are false due to the presence of DL malic acid, a synthetic substance. *See id.* ¶ 23.

Defendant argues that Plaintiff fails to plead actual reliance. However, Plaintiff pleads that he reviewed the Products' labels prior to his purchase including the natural flavoring claims on those labels. *See id.* ¶ 50. He asserts that he reasonably understood the "Naturally Flavored" and "No Artificial Flavors" statements to mean that the products

contain only natural flavorings.  *See id.*  Plaintiff further alleges that he would not have purchased the Products if he had known the truth—that the Products contained DL malic acid—or would have paid a substantially reduced price.  *See id.* ¶ 51.  This is sufficient to survive dismissal.

Defendant also argues that Plaintiff fails to plausibly plead the Products he purchased contained DL malic acid.  *See* Doc. No. 5-1 at 12–13.  However, Plaintiff does plead that the Products, which he purchased, contained DL malic acid.  *See, e.g.*, Compl. ¶ 23.  Further, according to Plaintiff, "testing by an independent third-party laboratory has confirmed that the malic acid that Defendant uses in these Products is DL malic acid." *Id.* ¶ 25.  The Court finds this sufficient, and the cases of *Pels v. Keurig Dr. Pepper, Inc.*, No. 19-cv-03052-SI, 2019 U.S. Dist. LEXIS 194909 (N.D. Cal. Nov. 7, 2019) and *Vavak v. Abbott Labs., Inc.*, No. SACV 10-1995 JVS (RZx), 2011 U.S. Dist. LEXIS 155962 (C.D. Cal. Mar. 7, 2011) are distinguishable.  The former dealt with elevated levels of arsenic in bottled water and the latter involved beetles in baby formula.  Unlike those cases, it is plausible that Defendant's use of a flavoring agent was intentional, and therefore that the specific Products that Plaintiff purchased, as alleged, contained DL malic acid.  Additionally, to the extent Defendant challenges Plaintiff's standing based upon lack of injury, *see* Doc. No. 5-1 at 13 (arguing Plaintiff's "theoretical risk of harm" is insufficient), the Ninth Circuit recognizes overpayment in the consumer fraud context as a viable theory of economic injury.  *See McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 706 (9th Cir. 2020).  For these reasons, the Court **DENIES** Defendant's motion to dismiss Plaintiff's CLRA claim.

Defendant also challenges Plaintiff's claims for equitable relief as a remedy for the alleged CLRA violation.  *See* Doc. No. 5-1 at 18–19.  According to Plaintiff's opposition, he has withdrawn his request for equitable relief, including disgorgement and restitution, under the CLRA.  *See* Doc. No. 6 at 8.  Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's request for equitable relief in connection with his CLRA claim.

**D.     Claim 6: Unjust Enrichment**

Sixth, Plaintiff pleads a claim for unjust enrichment.  However, Plaintiff has not identified any state law that he wishes to apply.  "[D]ue to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal." *Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2016 U.S. Dist. LEXIS 15868, at *34 (N.D. Cal. Feb. 8, 2016); *see also In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 933 (N.D. Cal. Mar. 5, 2018) (holding that in order for the Court to determine whether the unjust enrichment claim has been adequately pled, Plaintiff must allege the applicable law); *Dell Inc. v. Sharp Corp. (In re TFT-LCD (Flat Panel) Antitrust Litig.)*, 781 F. Supp. 2d 955, 966 (N.D. Cal. Mar. 16, 2011) ("Agree[ing] with defendants that [plaintiff] must specify the state laws under which it is asserting claims for unjust enrichment.").  Therefore, Plaintiff's unjust enrichment claim is subject to dismissal for failure to identify a particular state law.

Nonetheless, it would appear that Plaintiff brings this claim under California law. *See* Doc. No. 6 at 17 (discussing California law).  Defendant argues that California does not recognize a standalone cause of action for unjust enrichment.  *See* Doc. No. 5-1 at 20. Plaintiff disagrees.  *See* Doc. No. 6 at 17.

As this Court has previously recognized, there is a mix of authority on this issue. Many courts, including the Ninth Circuit, have found that California does not recognize unjust enrichment as a standalone cause of action.  *See, e.g.*, *Astiana v. Hain Celestial Grp., Inc*, 783 F.3d 753, 762 (9th Cir. 2015) (stating that "in California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'") (citations omitted); *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 132–33 (N.D. Cal. 2020) (noting that courts have consistently dismissed stand-alone claims for unjust enrichment); *see also Baiul-Farina v. Lemire*, 804 F. App'x 533, 537 (9th Cir. 2020) (quoting *McBride v. Boughton*, 123 Cal. App. 4th 379 (Cal. Ct. App. 2004)).  On the other hand, some courts have found that a claim of unjust enrichment can proceed as a quasi-contract claim.  For example, the Ninth Circuit has also stated that "an unjust

enrichment claim can proceed as either 'a claim for relief as an independent cause of action or as a quasi-contract claim for restitution.'" *Snopes Media Grp., Inc. v. Mikkelson*, No. 21-CV-1730-BAS-DEB, 2022 U.S. Dist. LEXIS 80447, 2022 WL 1343106, at \*5 (S.D. Cal. May 3, 2022) (quoting *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016)).

Plaintiff must properly identify the applicable state law. Therefore, the Court **DISMISSES** Plaintiff's claim for failure to do so. However, due to the lack of uniformity in case law, and because the applicable law is not pleaded, the Court **DENIES** Defendant's motion to dismiss Plaintiff's unjust enrichment claim under California law.

**E.    Nationwide Class**

Finally, Defendant challenges the propriety of Plaintiff representing a nationwide class of consumers. Plaintiff is a California resident and citizen, and he pleads that the harm was sustained in this district. *See* Compl. ¶¶ 1, 11. Moreover, it is clear that Plaintiff seeks to bring at least some of his claims under California law. Nonetheless, Plaintiff seeks to represent a class of "citizens of states and countries different from the Defendant," *id.* ¶ 4, and specifically defines the putative class as "all consumers in the United States who purchased the Products within four years prior to the filing of this Complaint." *Id.* ¶ 55.

At the outset, the Court notes that none of Plaintiff's claims are facially pleaded as class claims. To be sure, Plaintiff does not indicate that he brings any of his claims on a class-wide basis. Nor is there any mention of the putative class in the substance of his claims. Additionally, as noted above, it is not clear from the Complaint what law Plaintiff seeks to govern his common law claims, and Defendant's arguments seem to implicate a choice of law analysis. To that end, the parties have not fully and properly briefed this issue; both parties' briefs fail to reference or discuss *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581 (2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n.32 (9th Cir. 2022), which informs the Court's analysis of whether Plaintiff can pursue California

consumer protection statutory and common law claims on a nationwide basis.  For these reasons, the Court **DENIES** Defendant's motion without prejudice to renewal should Plaintiff amend his pleading and pursue claims on behalf of a nationwide class.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Defendant's motion. The Court **DISMISSES** Plaintiff's UCL and FAL claims (Claims 1, 2, 3, and 4), all claims to the extent they are premised upon the DL malic acid naming theory, and Plaintiff's request for equitable relief in connection with his CLRA claim **without leave to amend**.  The Court further **DISMISSES** Plaintiff's unjust enrichment claim (Claim 5) **with leave to amend**.  The Court **DENIES** the remainder of Defendant's motion.

If Plaintiff wishes to file a First Amended Complaint, he must do so on or before **October 6, 2023**.  Defendant must then respond within the time prescribed by Rule 15.

**IT IS SO ORDERED**.

Dated:  September 19, 2023

HON. MICHAEL M. ANELLO
United States District Judge